# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RN ENTERTAINMENT, LLC, et al. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00152 |
| | ) CHIEF JUDGE CRENSHAW |
| ON THE ROAD COACH, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is RN Entertainment, LLC's ("RN") Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 16) against On the Road Coach, LLC ("On the Road"), David Clement, and Cathy Preiss (collectively "Defendants"). In its supporting memorandum and Verified Complaint, RN alleges that Clement and Preiss used RN's confidential and proprietary information, in violation of the Computer Fraud and Abuse Act and Tennessee state law, to set up a competing business—On the Road—and to unfairly compete against it. (See Doc. Nos. 1 at 1-2, 17 at 2-3.) Specifically, RN alleges that Preiss and Clement used RN's proprietary business information to attract customers to On the Road and, upon their termination, Clement and Preiss began obstructing RN's access to its e-mail and website to gain an unfair competitive advantage. (Doc. No. 1 at 5-11.) RN argues that, given its strong likelihood of success on the merits and the irreparable harm it will suffer in the absence of equitable relief, the Court should enter a temporary restraining order. (Doc. No. 17 at 3.)

Federal Rule of Civil Procedure 65 governs the Court's power to grant injunctive relief, including temporary restraining orders. Fed. R. Civ. P. 65(b). "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant

carries [its] burden of proving that the circumstances clearly demand it." Ciavone v. McKee, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002)). In determining whether to issue a temporary restraining order under Rule 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without enjoinment; (3) whether granting the application will cause substantial harm to others; and (4) the impact of the injunction on the public interest. See, e.g., Workman v. Bredesen, 486 F.3d 896, 905 (6th Cir. 2007); Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction). "These factors are not prerequisites but are factors that are to be balanced against each other." Jones v. Caruso, 569 F.3d 258, 265 (6th Cir. 2009).

First, under controlling Sixth Circuit authority, the plaintiff's "initial burden" in demonstrating entitlement to injunctive relief is a showing of a strong or substantial likelihood of success on the merits of its actions. NAACP v. City of Mansfield, 866 F.2d 162, 167 (6th Cir. 1989). At this juncture, RN's likelihood of success on its claims is roughly equivalent to Defendants' likelihood. The resolution of RN's claims depends upon the development of a sufficient factual record, which is not currently before the Court.

With regard to the second factor, RN requests the temporary restraining order because it believes that it will continue to suffer irreparable harm through the deterioration of its existing customer relations and the continued diminished value of the (allegedly fraudulently obtained) proprietary information. (Doc. No. 17 at 19.) RN is correct that the loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to

compute. Basicomputer Corp. v. Scott, 973 F.2d 507, 512 (6th Cir. 1992) (citing Ferrero v. Associated Materials, Inc., 923 F.2d 1441, 1449 (11th Cir.1991)) ("The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute.") Further, RN's argument regarding the diminished value of the proprietary information is well-taken. To the extent that RN's proprietary information is comingled, amended, and assorted into a competing business, the information becomes exponentially less valuable to RN. Further, as of the filing of the Verified Complaint, RN had not been able to access its website, and RN's lack of access to its website and Facebook page appears to be ongoing. (Doc. No. 1 at 10, Doc. No. 17 at 3.) Accordingly, the Court finds that this factor weighs in favor of granting RN's Application for a Temporary Restraining Order.

Further, it does not appear that any substantial harm will befall third parties from the issuance of the temporary restraining order. Additionally, RN has a legitimate public interest in maintaining its confidential and trade secret information, as well as its business goodwill. Int'l Sec. Mgmt. Grp., Inc. v. Sawyer, Case No. 3:06-cv-0456, 2006 WL 1638537, at *10 (M.D. Tenn. Jun. 6, 2006) ("Tennessee has recognized that businesses have the right to protect their confidential and trade secret information as well as their business good will.")

Therefore, the Court **GRANTS IN PART** RN's Application for a Temporary Restraining Order (Doc. No. 16). Defendants are **PROHIBTED** from retaining, disclosing, or using any of RN's confidential and proprietary information, including without limitation any information obtained from RN that Defendants would not have acquired but for their employment at RN, non-public or unpublished intellectual property, proprietary, confidential, or non-public technology information, prospect information, pricing models, project summaries, marketing plans and

strategies, and program and product design, customer information, financial information, customer proposals and business plans.

In accordance with Rule 65, RN shall file a bond in the sum of $24,000, from which any party that is wrongfully restrained may recover its costs and damages. RN's Motion for Emergency Hearing on Application for Temporary Restraining Order (Doc. No. 18) is **GRANTED**. RN **SHALL** serve a copy of this Order on Defendants **IMMEDIATELY.** The Court will hold a hearing solely on continuation of this Temporary Restraining Order on **March 8, 2019 at 9:00a.m.** Defendants **SHALL** file a response only to RN's request for injunctive relief by **March 7, 2019 at 12:00p.m**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE