IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RN ENTERTAINMENT, LLC, | ) |
| *Plaintiff*, | ) Case No. 3:19-cv-000152 |
| v. | ) |
| | ) Chief Judge Waverly D. Crenshaw, Jr. |
| DAVID CLEMENT, ON THE ROAD COACH, LLC, *and* CATHY PREISS, | ) Magistrate Judge Alistair E. Newbern |
| *Defendants*. | ) |

**RESPONSE IN OPPOSITION TO
JOINT PARTIAL MOTION TO DISMISS**

Plaintiff RN Entertainment filed this lawsuit after discovering that two of its most trusted employees, defendants David Clement and Cathy Preiss, used RN Entertainment's office, computers, cell phones, business infrastructure, employees, and confidential and proprietary business information to run defendant On The Road Coach, another business that competes with RN Entertainment. Now that Clement and Preiss have been found out, they are trapped in a web of their own deception and desperate for relief from RN Entertainment's meritorious claims, as well as its impending motion for a preliminary injunction. In an apparent attempt to delay the inevitable—or at least delay answering allegations they cannot deny—defendants filed two meritless motions to dismiss. It appears that defendants have not read RN Entertainment's amended complaint, or that they do not understand the factual and legal basis for RN Entertainment's claims. The motion does not make sense, and defendants' misapprehension and misunderstanding are not reasons to dismiss the amended complaint. Thus, the motion should be denied.

## BACKGROUND

Defendants filed a partial motion to dismiss RN Entertainment's original, verified complaint on March 11, 2019. R. 29. On March 25, RN Entertainment amended its complaint, adding 39 paragraphs and 3 exhibits. R. 36. RN Entertainment's amended complaint includes seven claims: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (CFAA); (2) civil conspiracy to violate CFAA; (3) intentional interference with business relationships; (4) unfair competition; (5) breach of fiduciary duty; (6) civil conspiracy; and (7) disparagement. Defendants refiled another partial motion to dismiss on April 5 that is substantively identical to their first motion. R. 41. Defendants move to dismiss claims (1), (2), (4), (5), and (6) of RN Entertainment's amended complaint. *Id.*[1]

Ignoring RN Entertainment's amendments, defendants did not update the citations in their memorandum in support of the second motion.[2] More importantly, it appears that defendants have not read the amended complaint. For example, defendants argue that various common-law claims are preempted by Tennessee's Uniform Trade Secrets Act. But RN Entertainment's amended complaint does not allege a trade-secrets claim, much less a claim under the Uniform Trade Secrets Act that might preempt its common-law claims. Defendants also argue that RN Entertainment's civil-conspiracy claim fails because Clement, Preiss, and On The Road Coach cannot be co-conspirators. But RN Entertainment does not allege that they are; rather, the amended complaint alleges that

---

[1] Defendants also move to dismiss RN Entertainment's prayer for attorney fees. After the Court's order on defendants' motion, RN Entertainment will seek leave to file a second amended verified complaint that omits a prayer for attorney fees.

[2] *Compare* R. 30 (first memorandum) at 4 (citing ¶¶ 72-80 of RN Entertainment's original complaint) *and* R. 42 at 4 (citing ¶¶ 72-80 of RN Entertainment's amended complaint, which are different than ¶¶ 72-80 in RN Entertainment's original complaint).

2

Clement and Preiss conspired against RN Entertainment to operate On The Road Coach, which is not a target of the civil-conspiracy claims.

For these reasons and many others, defendants' arguments do not make sense and are meritless, and their motion should be denied.

## STANDARD

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the Complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

## ARGUMENT

**I. RN Entertainment's CFAA claim is well-pleaded because the amended complaint alleges both damage and conduct that violates the statute.**

RN Entertainment's CFAA claim arises under several provisions of the act:

- 18 U.S.C. § 1030(a)(2)(C) ("Whoever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer");

- 18 U.S.C. § 1030(a)(4) ("Whoever . . . knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value"); and

- 18 U.S.C. § 1030(a)(5)(A-C) ("Whoever . . . knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct,

3

>intentionally causes damage without authorization, to a protected computer; intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.").

*See* Compl. ¶¶ 93-109.

RN Entertainment alleges that Clement and Preiss "began interfering with and obstructing access to RN Entertainment's e-mail and website-hosting services" on the day they were terminated. Compl. ¶ 79. The same day, Clement and Preiss "were instructed to provide RN Entertainment with all of the information necessary to access and manage its e-mail and website accounts." *Id.* at ¶ 82. "They did not do so, effectively depriving RN Entertainment of the ability to access and manage its e-mail accounts and website and making those accounts and that website unavailable." *Id.* RN Entertainment also alleges that "[b]ecause Defendants impaired the integrity of RN Entertainment's computer systems and its confidential and proprietary business information by depriving RN Entertainment access to those systems and information and deleting information (that is, e-mails) from RN, they have damages RN Entertainment within the meaning of CFAA." *Id.* ¶ 107.

Ignoring these allegations, defendants argue that the amended complaint "is devoid of any non-conclusory factual allegation that Ms. Preiss caused 'damage' as defined under the statute." Mem. of Law in Supp. of Joint Partial Mot. to Dismiss (R. 42) (Mem.) at 4; *see also id.* at n.1 (incorrectly observing that "[t]he sole conclusory allegation to this effect appears in paragraph 107 of the Amended Complaint."). This argument is wrong on its face. Further, defendants do not argue that the conduct alleged—interference, obstruction, or denial and deprivation of access—is not included in CFAA's definition of "damage."

4

*Cf.* 18 U.S.C. § 1030(e)(8) (defining "damage" as "any impairment to the integrity or availability of data, a program, a system, or information").[3]

RN Entertainment also alleges that Clement "managed RN Entertainment and On The Road Coach's competing businesses out of RN Entertainment's Lebanon office, using RN Entertainment's computers, cell phones, office equipment, and other business infrastructure, and supported by no fewer than four RN Entertainment employees, including Cathy Preiss." Compl. ¶ 48. "RN Entertainment never authorized Clement, Preiss, or On The Road Coach to use RN Entertainment's office, computers, cell phones, business infrastructure, employees, or confidential and proprietary business information" to operate or manage On The Road Coach. *Id.* at ¶¶ 56, 96-97. Nevertheless, defendants "accessed RN Entertainment computers to obtain information and for the purpose of operating On The Road Coach's business." Compl. ¶¶ 96, 97.

Again ignoring these allegations, defendants argue that the amended complaint "lacks any allegation that Preiss or Clement used their access to [RN Entertainment's] computers 'to obtain or alter information in the computer that the [Defendants were] *not entitled so to obtain* or alter.'" Mem. at 4 (alteration and emphasis in original) (selectively quoting 18 U.S.C. § 1030(e)(6)). But that is exactly what the amended complaint alleges: Clement, Preiss, and On The Road Coach were not entitled to obtain RN Entertainment's

---

[3] Similarly, defendants do not argue that RN Entertainment's allegations that defendants' "actions caused both 'damage' and 'loss'" are insufficient under 18 U.S.C. § 1030(a)(5)(C). *See Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1072 (6th Cir. 2014). And RN Entertainment need only plead that defendants caused "damage" under sections 1030(a)(5)(A) and (B). *See also* 18 U.S.C. § 1030(g) ("Any person who suffers damage *or* loss by reason of a violation of this section may maintain a civil action against the violator . . .") (emphasis added).

5

confidential and proprietary business information to run a competing business—On The Road Coach. Compl. ¶¶ 56, 96-97. Yet they did just that.

Defendants also argue that their authorized access to RN Entertainment's computers somehow excuses their unauthorized use of RN Entertainment's confidential and proprietary business information. Mem. at 4. But that argument is contrary to the statute, which defines the term "exceeds authorized access" as accessing a computer "*with authorization* and [using] such access to obtain or alter information in the computer that the accesser is *not entitled so to obtain* or alter." 18 U.S.C. § 1030(e)(6) (emphasis added).

As alleged in the amended complaint (and explained above), Clement and Preiss had authorization to access RN Entertainment's computers, but they exceeded their authorization when they used their access to obtain confidential and proprietary business information to run a competing business—On The Road Coach. Further, although Clement and Preiss were authorized to access RN Entertainment's computers to run RN Entertainment's business, On The Road Coach was not. *See* Compl. ¶¶ 56, 97. Thus, RN Entertainment's CFAA claim is well-pleaded and defendants' motion should be denied.

**II. RN Entertainment's CFAA conspiracy claim is well-pleaded because the amended complaint alleges a conspiracy under the act.**

CFAA provides that "[w]hoever conspires to commit or attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section." 18 U.S.C. § 1030(b). As alleged in the amended complaint, Clement and Preiss conspired to commit several offenses under CFAA subsection (a). *See* Compl. ¶¶ 93-116 (alleging violations under 18 U.S.C. § 1030(a)(2), (4), and (5)).

Again ignoring the allegations in the amended complaint and the plain language of the statute, defendants challenge RN Entertainment's CFAA conspiracy claim because "[a]

6

civil action for a violation of [CFAA] may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)," 18 U.S.C. § 1030(g), and—according to defendants—"[n]one of those subclauses involve conspiracy," Mem. at 4. Defendants' argument does not make sense. These subclauses need not involve conspiracy for RN Entertainment to assert a conspiracy claim. On the contrary, "[w]hoever conspires to commit or attempts to commit an offense under subsection (a) of this section shall be punished," and RN Entertainment has asserted claims that defendants both committed offenses under subsection (a) and that Clement and Preiss conspired to do so. Thus, RN Entertainment's CFAA conspiracy claim is well-pleaded and defendants' motion should be denied.

### III. RN Entertainment's common-law claims are not preempted by Tennessee's Uniform Trade Secrets Act because RN Entertainment does not assert trade-secret claims.

The amended complaint alleges that Clement and Preiss conspired to compete against their employer, RN Entertainment, in violation of their fiduciary duties. Compl. ¶¶ 45-76, 126-46. The amended complaint also alleges that Clement and Preiss's competing business is unfair because it used RN Entertainment's office, computers, cell phones, business infrastructure, and employees, and because it continues to use RN Entertainment's confidential and proprietary business and financial information. *Id.* ¶¶ 45-76, 121-25.

Defendants concede that employees like Clement and Preiss have a duty not to compete with their employer. Mem. at 4 (citing *B&L Corp. v. Thomas & Thorngren, Inc.*, 162 S.W.3d 189, 205, 209-10 (Tenn. Ct. App. 2004)). Defendants also concede that "the breach of a fiduciary relationship by an employee, using confidential information obtained while employed to the detriment of his employer, may constitute unfair competition." *B &*

7

*L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 681 (Tenn. Ct. App. 1995); *see also* Mem. at 5. Yet defendants argue that RN Entertainment's breach-of-fiduciary duty, unfair-competition, and civil-conspiracy claims are preempted by Tennessee's Uniform Trade Secrets Act, which "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Tenn. Code Ann. § 47-25-1708(a); *see also* Mem. at 4-5, 7.

Again, defendants' argument does not make sense. RN Entertainment does not allege a claim that relies on the disclosure or use of trade secrets. RN Entertainment's amended complaint does not even contain the phrase "trade secret."[4] And as alleged in the amended complaint, defendants' conduct "could be deemed unethical or unfair irrespective of whether trade secrets are involved." *See Dana Ltd. v. Am. Axle & Mfg. Holdings*, No. 1:10-CV-450, 2012 U.S. Dist. LEXIS 90064, at *39 (W.D. Mich. June 29, 2012) (finding unfair competition claims no preempted).

RN Entertainment also does not allege a claim under Tennessee's Uniform Trade Secrets Act, so it is difficult to understand how the act preempts the common-law claims it does assert. *See ProductiveMD, LLC v. 4UMD, LLC*, 821 F. Supp. 2d 955 (M.D. Tenn. 2011) (finding that plaintiff's Uniform Trade Secrets Act claim preempted its breach-of-fiduciary duty, unfair-competition, and civil-conspiracy claims). A party may not assert

---

[4] Defendants' argument suggests that confidential business information and trade secrets are synonymous. That is incorrect. *See, e.g.*, *Int'l Sec. Mgmt. Grp., Inc. v. Sawyer*, No. 3:06cv0456, 2006 U.S. Dist. LEXIS 37059, at *27 (M.D. Tenn. June 6, 2006) ("Tennessee has recognized that businesses have the right to protect their confidential *and* trade secret information as well as their business good will."); *Amarr Co. v. Depew*, C.A. No. 03A01-9511-CH-00412, 1996 Tenn. App. LEXIS 660, at *13-14 (Ct. App. Oct. 16, 1996) (holding that customer lists, credit information, pricing information, and profit and loss statements do not constitute confidential information entitled to "trade secret" protection). All trade secrets are confidential information, but not all confidential information is a trade secret.

8

Case 3:19-cv-00152   Document 52   Filed 04/19/19   Page 8 of 11 PageID #: 378

claims under the Uniform Trade Secrets Act *and* common-law claims subject to the "same proof" test recognized in this district and the Sixth Circuit. *See ProductiveMD*, 821 F. Supp. 2d at 963. But the Uniform Trade Secrets Act did not abolish the common-law claims asserted in RN Entertainment's amended complaint.

Thus, RN Entertainment's common-law claims are not preempted, and defendants' motion should be denied.

### IV. RN Entertainment's civil-conspiracy claim is well pleaded because the amended complaint alleges that Clement and Preiss conspired against it, and at least one predicate tort will survive defendants' motion.

The amended complaint alleges that Clement and Preiss conspired to defraud RN Entertainment; misappropriate RN Entertainment's confidential and proprietary business information; interfere with RN Entertainment's business; compete unfairly against RN Entertainment; and breach their fiduciary duties to RN Entertainment. Compl. ¶¶ 137-46.

Defendants argue that RN Entertainment's civil-conspiracy claim fails "to the extent the underlying predicate torts fail." Mem. at 6. As explained above, this argument fails because RN Entertainment's unfair-competition and breach-of-fiduciary-duty claims are well pleaded. And even if those claims were not well pleaded, this argument fails because defendants have not moved to dismiss RN Entertainment's claim for intentional interference with business relationships.

Defendants also argue that RN Entertainment's civil-conspiracy claim fails because On The Road Coach, Clement, and Preiss cannot form an actionable conspiracy under the intra-corporate immunity doctrine. Mem. at 6. Once again, it appears that defendants have not read the amended complaint; thus, their argument once again makes no sense. RN Entertainment does not allege that Clement and Preiss conspired with On The Road Coach.

9

RN Entertainment alleges that Clement and Preiss conspired against RN Entertainment. Compl. ¶¶ 137-46.

Defendants are correct that the amended complaint does not allege that Clement and Preiss acted outside the scope of their employment with On The Road Coach. But that is beside the point because the amended complaint is replete with allegations that Clement and Preiss acted outside the scope of their employment with RN Entertainment when the two conspired against it. Thus, RN Entertainment's civil-conspiracy claim is well pleaded, and defendants' motion should be denied.

## CONCLUSION

Defendants' arguments are at best misplaced and at worst meritless. Either way, the motion should be denied.

April 19, 2019

Respectfully submitted,

/s/ *Joshua Counts Cumby*
Thomas Anthony Swafford (BPR # 17578)
Margaret R. T. Myers (BPR # 20506)
Joshua Counts Cumby
(VA Bar Number 82021)
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Tony.Swafford@arlaw.com
Margaret.Myers@arlaw.com
Joshua.Cumby@arlaw.com

*Attorneys for Plaintiff RN Entertainment, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document has been served via the Court's electronic case filing system to:

Byron M. Gill
Rochelle, McCulloch & Aulds, PLLC
109 Castle Heights Avenue, N
Lebanon, TN 37087

Benjamin E. Goldammer
Michael A. Johnson
Kay Griffin, PLLC
222 Second Avenue North
Suite 340-M
Nashville, TN 37201

April 19, 2019 */s/ Joshua Counts Cumby*